■ In the Matter of BERNICE NICHOLLS, Petitioner, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Proceeding under article 78 of the Civil Practice Act to annul the determination of the Commissioner of Motor Vehicles of the State of New York, which revoked the petitioner's operator's license (Vehicle and Traffic Law, § 510, subd. 3, par. [e]) on the ground of gross negligence. By order of the Supreme Court, Nassau County, dated March 24, 1961, made pursuant to section 1296 of the Civil Practice Act, the proceeding has been transferred to this court for disposition. Determination confirmed, without costs. No opinion. Beldock, Acting P. J., Ughetta, Kleinfeld and Christ, JJ., concur; Pette, J., dissents and votes to annul the determination, with the following memorandum: In my opinion, there was no substantial evidence to support the determination that the petitioner was operating her motor vehicle in a grossly negligent manner at the time and place of the occurrence here involved.

■ In the Matter of EDWARD J. WATTECAMPS, Petitioner, v. WILLIAM S. HULTS, as Commissioner of the Bureau of Motor Vehicles of the State of New York, Respondent.— Proceeding pursuant to article 78 of the Civil Practice Act, to review and annul a determination by respondent which revoked petititioner's license to operate a motor vehicle on the ground of gross negligence. By order of the Supreme Court, Nassau County, dated April 13, 1961, the proceeding was transferred to this court for determination (Civ. Prac. Act, § 1296). Petitioner testified that, at the time of the accident, he was proceeding despite the fact that there was practically no visibility. Determination modified by suspending petitioner's license for 30 days. As so modified, determination confirmed, without costs. While it may not be said, on this record, that the determination was unsupported by substantial evidence (cf. *Matter of Deutsch* v. *Hults,* 10 A D 2d 724), we believe that under all the circumstances revocation of petitioner's license was not warranted. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.